UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                   PLAINTIFF/RESPONDENT

V.          Cv. No.  2:08-CV-02137-RTD
            Cr. No.  2:02-CR-20024-RTD

KEVIN MANFRE                                                                  DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 118) filed December 9, 2008. Petitioner is currently an inmate at F.C.I. Forrest City, Arkansas. The Court has not authorized service on the United States.

### I.  Background

The Petitioner was originally found guilty of solicitation to commit a crime of violence (18 U.S.C., sec. 373), conspiracy to destroy a building used in interstate commerce (18 U.S.C., sec. 371 & 844(I), malicious destruction of a building used in interstate commerce resulting in death (18 U.S.C. sec. 844(I) &2(b), racketeering-arson; aiding and abetting (18 U.S.C. sec. 1952(a)(3) & 2(b), and mail fraud; aiding and abetting (18 U.S.C. sec. 1341 & 2(b) and was sentenced on April 28, 2003 (Doc. 46).  A timely appeal was filed on May 5, 2003 (Doc.47) The case was remanded for re-sentencing on May 11, 2004.  *See U.S. v. Manfre*, 368 F.3d, 832, C.A.(Ark.), 2004.

The Petitioner was re-sentenced on September 30, 2004 (Doc. 72).  A timely appeal was filed on October 4, 2004 (Doc. 73) and the case was remanded for re-sentencing on April 12, 2005.  *See U.S. v. Manfre*, 135 Fed. Appx. 1, C.A.8 (Ark.), 2005.

The Petitioner was re-sentenced on August 19, 2005 (Doc. 84).  A timely appeal was filed

on August 25, 2006 (Doc. 85) and the case was remanded for re-sentencing on August 8, 2006. *See U.S. v. Manfre*, 456 F. 3d 871, C.A.8 (Ark.) 2006.

The Court did re-sentence the Petitioner on November 1, 2006 (Doc. 104) The Petitioner did not take any appeal from this sentence. (Doc. 111, page 3)

On December 11, 2006 the Petitioner filed a Motion to represent himself. (Doc. 105) Attached to the Motion was a letter that Petitioner wrote to his attorney on December 1, 2006 terminating his attorney's services. (Doc. 105, Attachment 1) Mr. Rosenzweig did file a Response of Counsel to Manfre's Motion for Termination on December 12, 2006. (Doc. 106) In the Response Mr. Rosenzweig did state that he had informed Mr. Manfre that "the next step would be a §2255 petition". The court did grant the Motion and substituted Petitioner as attorney of record on December 15, 2006 (Doc. 108).

On February 4, 2008 the Petitioner did file his first Motion to Vacate, Set Aside or Correct an illegal sentence under 28 U.S.C., Section 2255. (Doc. 109). Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999); *Grady v. United States*, 269 F.3d 913, 916 (8th Cir.2001);*U.S. v. Harrison* 469 F.3d 1216, *1217 (C.A.8 (Neb.),2006). The Petition was deemed filed on January 28, 2008 (Doc. 109, page 13).

The Petitioner, in his first Motion to Vacate, Set Aside or Correct an illegal sentence, contended that his counsel was ineffective at the original sentence because of "his premature agreement to application of the Homicide cross reference" under Section 2A1 of the Sentencing Guidelines, and that there was a violation of Due Process because of the "Ambiguity created by section 2k1.4(a)(1) and (2), (b)(1) and (c)(1)".

The Petitioner's first Motion to Vacate was dismissed by Order (Doc. 114) entered on March 19, 2008.  No appeal was taken from that order.

The Petitioner has now filed a subsequent Motion to Vacate, Set Aside or Correct an illegal sentence (Doc. 118) on December 9, 2008.  In this Motion the Petitioner contends as follows:

**Issue One**: The court lacked jurisdiction because public law 80-773 creating 28 U.S.C. 2255 and U.S.C. 2241 (1948) are unconstitutional on their face and void ab initio.

**Issue Two**: That Public Law 80-772, 18 U.S.C. 3231, and 18 U.S.C. 2 are unconstitutional on their face and void ab initio.

**Issue Three**: That the Federal Government lacked federal legislative, territorial, or admiralty jurisdiction in over the locus quo.

**Issue Four**: That there were fatal defects in the government's charging instruments because there was no connection to an alleged violation of interstate commerce.

**Issue Five:** That the government failed to establish a federal interstate commerce nexus.

**Issue Six**: That a federal statute intended to be enforce within the States exceed Congress' commerce clause authority.

**Issue Seven**: The government committed fraud and bad faith by prosecuting the instant case when it knew that the statutes (18 U.S.C. 546) were void and that the government did not have jurisdiction to prosecute the charge.

**Issue Eight**: Separation of Powers violation and Judicial Fraud.

**Issue Nine**: Ineffective assistance of counsel.

**Issue Ten**: That the Petitioner's right to trial was violated because the court did not inform the jury of its right of nullification power.

**Issue Eleven**: The Petitioner challenges the "in personam jurisdiction" on the grounds that the Government failed to prove that the Petitioner is subject to the legislative equity jurisdiction.

## II.  Discussion

### a. The petition is not timely

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." *See 28 U.S.C. § 2255; Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).

The final Amended Judgment (Doc. 104) was entered on November 1, 2006.  Rule 4(b) of the Rules of Appellate Procedure provide that an appeal must be filed in the district court within 10 days after the entry of the judgment. *Federal Rules of Appellate Procedure, Rule 4(b)* No appeal was taken from the Judgment.  It cannot be said that the Petitioner was not familiar with this rule since he had, on three different occasions, filed a timely notice of appeal.  The judgment, therefore, became final on November 15, 2006.  The Petition had to have been filed by November 15, 2007.

The court has previously ruled that the first Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C., sec. 2255  petition (Doc. 109) which was filed on February 4, 2008, was not timely filed and was dismissed with prejudice. (Doc. 114) No appeal from that order was taken.   The Petitioner now seeks to avoid the statute of limitations imposed under 28 U.S.C., section 2255 by claiming that the statute is unconstitutional, that the court never had jurisdiction of the Petitioner,  and that his petition is filed under 28 U.S.C. 451.   The arguments are without merit as set out below.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Petitioner has not asserted any grounds to justify equitable tolling. The Petitioner has asserted that the court did not have jurisdiction and that the Petition is under 28 U.S.C. 451, which deals with the general organization of the courts

In the first Motion to Vacate the Petitioner stated that "[A]ppellate counsel did not communicate with me on information I specifically requested on a timely basis regarding applicable 2255 issues". (Doc. 109, para. 18) In the answer to the questionnaire propounded by the court the Petitioner stated that "I also instructed appellate counsel to quickly and timely review the transcripts for applicable issues available for a '2255 Petition'; He did not respond and I heard nothing more from him.  Because of this lack of response and lack of eagerness to look harder for applicable issues to help reduce my incarceration, I politely dismissed him". (Doc. 112)

Petitioner stated that he told his attorney that he wanted to file a writ of certiorari to the United States Supreme court and that he was informed by his attorney that he had "no

foundational basis to do so, much less expect a favorable outcome". (Doc. 112)  Absent another appeal there clearly would not have been any jurisdictional predicate for a writ of certiorari to the United States Supreme Court.  *See Supreme Court Rules, Rule 10.*

Nor is there any indication that the Petitioner instructed his attorney to pursue a forth appeal. If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).  There is nothing in the Petitioner's petition or the questionnaire that indicates he gave his attorney clear instruction to appeal his case for the forth time.

The Petitioner discharged his attorney on December 1, 2006 (Doc. 105, Attachment 1) and was allowed to represent himself by court order entered December 15, 2006. (Doc. 108)  It is clear that the petitioner understood that his next recourse would be a petition under 28 U.S.C. section 2255 because his attorney so advised him and stated so in his Response of Counsel to Manfre's Motion for Termination. (Doc. 106).

No basis exist for the limitations period to be equitably tolled and the Petition should be dismissed because his motion is untimely.

### b.  Even if timely filed the Petition is Without Merit

**Issue One and Two**: Issue one and two of petitioner's claims deal with the alleged unconstitutionality of Public Law 80-773 and 80-772.  Petitioner argues that Title 18 and Title 28 are unconstitutional. Specifically, he alleges that 18 U.S.C. 3231, vesting the federal district courts with original jurisdiction over "all offenses against the laws of the United States" is null and void and unconstitutional and that 28 U.S.C. 2255 and 2241, which were passed at the same time, are also null and void and unconstitutional because they were "never enac[t]ed into positive

law" and are "unconstitutional on their face." (Petition at 8) These arguments are without merit and have been summarily dismissed by the court in previous habeas petitions.

Public Law 80-772 was the provision that enacted 18 U.S.C. § 3231, which reads as follows:

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." 18 U.S.C.§ 3231.

Public Law 80-773 formed the basis for the codification of the habeas corpus statutes, 28 U.S.C. § 2241 through 28 U.S.C. § 2255. In *United States v. Martinez*, ___ F.Supp.2nd ___ , slip op. no. C-05-423 (S.D.Tex., May 6, 2006) (unpublished) (available on WESTLAW at 2006 WL 1293261), the movant Juan Martinez raised the same claims presented by Petitioner herein. Martinez claimed that 18 U.S.C. § 3231 , giving federal courts original jurisdiction over federal crimes, was not validly enacted because it was dependent on Public Law 80-772. He also contended that because Public Law 80-773 was not validly enacted, the habeas corpus statutes are unconstitutional. Martinez pointed to *Kennedy v. Sampson*, 511 F.2d 430 (D.C .Cir.1974), a case involving a challenge to the "pocket veto" power of the President. Two footnotes in that case discuss the adjournment of July 1947, after the House passage of Public Laws 80-772 and 80-773 but before the Senate passage of these bills. The district court for the Southern District of Florida noted that while that the footnotes in Kennedy lent some credence to Martinez's arguments, the footnotes must be read in context. The Court explained that the July 1947 recess was not an intrasession recess, but an intersession recess; hence, the adjournment was not sine die, so as to kill all un-passed bills. In addition, the July 1947 adjournment was not sine die

because it was to a date certain (an adjournment sine die meaning that the ending of a session without setting a date certain to reconvene. The July 1947 session of Congress was adjourned until January 2, 1948, which is a date certain; thus, the adjournment was not sine die.) Consequently, the adjournment after the House passage did not kill the bill, and Petitioner's argument to the contrary is clearly without merit and should be rejected.

Similarly, in *Derleth v. United States*, __ F.Supp.2d __, slip op. no. L-05-205 (S.D.Tex., June 27, 2006) (unpublished) (available on WESTLAW at 2006 WL 1804618), the movant contended that the adjournment after the first session of the 80th Congress, in July of 1947, killed the House bill, and another version of the bill was later passed by the Senate; however, he said, the bill was never lawfully passed by both chambers. The district court for the Southern District of Texas observed that there was no constitutional requirement that bills passed by one chamber of Congress before an inter-session adjournment of the same Congress be voided, and the rules of Congress, both currently and in the 80th Congress, suggest that legislative business generally continues between sessions of the same Congress as though no adjournment had taken place. See Senate Rule XXXII, S. Doc. No. 80-11, at 44 (1947) and Rules of the House of Representatives Rule XXVI, H.R. Doc. 79-769, at 433 (1947)(referring to unfinished business before committees, but, discussing other business in notes accompanying the rule). Furthermore, the Court explained, even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated this statute would have operated to give the federal courts jurisdiction over federal crimes. As a result, Petitioner's claims concerning the validity of Section 3231 and its enacting legislation, Public Law 80-772, are without merit for this alternative reason as well.

The Supreme Court has made clear on numerous occasions that the habeas corpus statutes are valid and constitutional. *See, i.e Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340

(1996). The Supreme Court's discussion of the writ, its application of these statutes and its acceptance of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to § 2255 clearly refute Petitioner's assertions. *See* Felker, 518 U.S. at 664; *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478, 2481, 162 L.Ed.2d 343 (2005); *see also* Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir.1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Accordingly, Petitioner's argument is rejected.

**Issue Three** is that the Federal Government lacked federal legislative, territorial, or admiralty jurisdiction in over the locus quo. The Petitioner contends that "in criminal prosecution where the federal government is a moving party it must not only establish ownership of the property which the cirme(s) allegedly occurred, but they must also produce documentation that the state has ceded the jurisdiction of that property to them". (Petition page 32-33)

If an alleged error is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis. *United States v. Mooring*, 287 F.3d 725 (8th Cir. 2002) The crux of Petitioner's claim of jurisdictional error is that federal courts lack subject matter jurisdiction over offenses which are not committed on federal property. This argument has been soundly rejected by all courts, including the Eighth Circuit. *See United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999)(where defendant was charged with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), his "argument that the district court lacked subject matter jurisdiction over him because his crime did not take place on federally-owned land and the Tenth Amendment reserves drug prosecutions such as his to the states is without merit."(*citing United States v. Owens*, 996 F.2d 59, 61 (5th Cir.1993) *(per curiam)* (prosecution under 21 U.S.C. §§ 841(a) and 846 did "not run afoul of the Tenth Amendment" and statutes were valid exercise of Congress's Commerce Clause power)); *United*

*States v. Brown*, 72 F.3d 96, 97 (8th Cir.1995) (*per curiam*) (noting interstate drug trade affects interstate commerce and § 841(a)(1) is a valid exercise of congressional power)). Thus, because Petitioner was charged with an offense against the laws of the United States, the court clearly had jurisdiction. *See, i.e. United States v. Trotter*, 478 F.3d 918, 920 at fn.2 (8th Cir. 2007) (noting that where a defendant is charged with an offense against the laws of the United States, the federal court clearly has jurisdiction, *citing* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States.")) Charging Petitioner with offenses against the laws of the United States provided the district court with statutory jurisdiction. *United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006); see also e.g. *United States v. Sabri*, 326 F.3d 937, 939-40 n. 3 (8th Cir.2003) (concluding federal courts have statutory jurisdiction when a defendant is charged with violating a federal statute, and if the statute has an express jurisdictional element, federal jurisdiction is not lost merely because the government fails to prove that element of the crime) Consequently, Petitioner's argument is without merit and is rejected.

**Issue Four and Issue Five**: Fatal Defects in the Government's charging instruments and that the Government failed to establish an Interstate Commerce connection.  For the reasons set forth in Issue Three this argument is without merit.

**Issue Six** is that Title 18 and Title 21 apply only to the District of Columbia.  This argument is without merit as set out in Issue One and Issue Two.

**Issue Seven** is that the Government acted with fraud in that the government knew that 18 U.S.C. sec 1331 was never enacted into positive law.  This argument is without merit for the reasons set forth in Issue One and Issue Two.

**Issue Eight** is an allegation of "separation of powers violations and judicial fraud".  The

Petitioner states that "the Court knew at the time it was indicting, convicting and sentencing Petitioner that the DEPARTMENT OF JUSTICE was estopped from using Public Law 80-772 and 18 USC 3231 to prosecute Petitioner, that it had no jurisdiction pursuant to those statutes.." (Petition page 79-80)

This is a re-argument of the positions put forth in Issue One and Issue Two and are without merit for the reasons previously stated.

**Issue Nine** is an allegation that the Petitioner's counsel was ineffective. The Petitioner contends that because counsel "did not properly challenge jurisdiction renders counsel's performance deficient..." (Petition page 83)   An attorney is under no obligation to undertake an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988). Counsel's investigation into the lack of jurisdiction for the court to prosecute the Petitioner would have been as futile as the Petitioner's canned argument which have been rejected by this court and others countless times.  The Petitioner's argument is without merit and is rejected.

**Issue Ten** is an allegation that the jury should have been informed of its ability to nullify the evidence and the law and that to fail to so advise the jury is a violation of due process.  This argument is without merit.

The applicable rule is that, although jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court. See *United States v. Boardman*, 419 F.2d 110, 116 (1st Cir.1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970). Accordingly, while jurors may choose to flex their muscles, ignoring both law and evidence in a rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power. See *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir.1983). A trial judge, therefore, may block defense attorneys' attempts to

serenade a jury with the siren song of nullification, see *United States v. Garcia-Rosa*, 876 F.2d 209, 226 (1st Cir.1989); and, indeed, may instruct the jury on the dimensions of their duty to the exclusion of jury nullification, see Trujillo, 714 F.2d at 105-06 (collecting cases). *U.S. v. Sepulveda*, 15 F.3d 1161, 1190 (C.A.1 (N.H.),1993)

"[J]ury nullification, while it is available to a defendant, is only a power that the jury has and not a 'right' belonging to the defendant, much less a substantial right." *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir.1997). Accordingly, where "[t]he only possible deprivation suffered by [the defendant is] the possibility of jury nullification," id. at 947, the defendant's substantial rights have not been violated. *U.S. v. Horsman* 114 F.3d 822, 829 (C.A.8 (Minn.),1997)

**Issue Eleven**: The last Issue presented by the Petitioner almost defies articulation. It appears that the Petitioner contends that "Kevin-Gerard: Manfree has never, to the best of his knowledge and belief, knowingly, intentionally and voluntarily surrendered his original status as a Common Law [C]itizen of the several States, to become a so-called 14th Amendment Federal [c]itizen who is subject to the jurisdiction of the 'United States'" and, the Petitioner contends, that the Government has no personal jurisdiction over the Petitioner. The argument is spurious and without merit. For the reasons set forth in Issue Two the argument is rejected.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to**

**file timely written objections may result in waiver of the right to appeal questions of fact. The petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

     IT IS SO ORDERED this 30th day of December 2008

                                    /s/ J. Marschewski
                                    HONORABLE JAMES R. MARSCHEWSKI
                                    UNITED STATES MAGISTRATE JUDGE